

# COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
### EL PASO, TEXAS

| | | |
|---|---|---|
| JOSE RICARDO SANCHEZ, | § | No. 08-23-00268-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Criminal Court No. 2 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC#20230C01099) |

## <u>MEMORANDUM OPINION</u>

This appeal is before the Court on its own motion to determine whether it should be dismissed for want of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (en banc). In a criminal case, a defendant's notice of appeal is due within thirty days after the day sentence is imposed in open court, or ninety days after the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1), (2). In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Here, the trial court entered the judgment of conviction on June 22, 2023, and a timely

motion for new trial on July 21, 2023. The notice of appeal was due on September 20, 2023. Appellant filed this notice of appeal on October 5, 2023. On October 11, 2023, the Clerk of this Court sent Appellant a letter notifying him it appeared his notice of appeal was not timely perfected. The letter gave notice of our intent to dismiss the appeal for want of jurisdiction, after ten days, unless grounds were shown for the Court to continue the appeal. As of the date of this opinion, no response to our letter has been filed.

The notice of appeal was not timely filed, meaning that this Court does not have jurisdiction to entertain a direct appeal from his conviction at this point in time. To the extent Sanchez is requesting the remedy of an out-of-time appeal, only the Texas Court of Criminal Appeals has jurisdiction to grant Appellant an out-of-time appeal. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (en banc) (explaining that writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals).

Accordingly, we dismiss this appeal for lack of jurisdiction.


YVONNE T. RODRIGUEZ, Chief Justice

October 27, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)